Westlaw.

Not Reported in F.Supp.2d                                                                                      Page 1
Not Reported in F.Supp.2d, 2003 WL 21771738 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.2d)**

Briefs and Other Related Documents

Only the Westlaw citation is currently available.

United States District Court, E.D. Pennsylvania.

Paul **McKERNAN**,

v.

Ben VARNER, et al.

**No. CIV.A. 02-7835.**

July 18, 2003.

Norma L. Shapiro, S.J.

*MEMORANDUM*

**\*1** Before the court is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner is currently serving a life sentence for first degree murder at the State Correctional Institution at Smithfield, Pennsylvania. After *de novo* consideration of the Report and Recommendation ("R & R") of Magistrate Judge Thomas J. Rueter, to whom motions were referred, and petitioner's objections thereto, Judge Rueter's recommendation will be approved and adopted. The petition will be dismissed, without prejudice, for failure to exhaust state court remedies.

I. BACKGROUND[FN1]

FN1. Adopted in part from the comprehensive overview of procedural facts contained in Judge Rueter's R & R and petitioner's response to R & R.

On July 18, 1998, petitioner was convicted of first-degree murder after a bench trial before the Honorable Lisa A. Richette of the Court of Common Pleas for Philadelphia County. He was sentenced to life imprisonment. On February 16, 2001, the Superior Court of Pennsylvania affirmed the judgment of sentence. *Commonwealth v. McKernan,* 776 A.2d 1007 (Pa.Super.Ct.2001). Petitioner filed a petition for allowance of appeal in the Pennsylvania Supreme Court, but then withdrew the petition for discretionary review on March 27, 2001.

On September 26, 2001, petitioner filed a *pro se* petition for relief pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa. Cons.Stat. Ann. § 9541, *et seq..* After months of no response, petitioner claimed that his petition was "lost" in the state court system and on July 5, 2002, he filed a "motion to resume with the PCRA petition." Petitioner claims that he still received no response from the PCRA court, so he filed this petition for a writ of habeas corpus on September 30, 2002.

Petitioner claims that it was not until his federal petition was filed that the PCRA court acknowledged his petition and appointed John Billi, Esquire, to represent him. In his PCRA proceeding, petitioner raised the following claims of ineffective assistance of counsel that one identical to those raised in his federal habeas petition: (1) failing to interview and present as defense witnesses, Karl Jahr, Donna Jahr and Florence Basi; (2) calling David Ivan Thompson, as a defense witness [FN2]; and (3) failing to present Karl Jahr to testify that the victim sustained his fatal head injury in a fall.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                    Page 2
Not Reported in F.Supp.2d, 2003 WL 21771738 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.2d)**

FN2. Magistrate Judge Rueter was correct in finding that the petitioner raised this second ineffective counsel claim before the Superior Court of Pennsylvania, and so if it is found to be exhausted, the habeas claim should still be dismissed for containing both exhausted and unexhausted claims. *See Rose v. Lundy,* 455 U.S. 509, 510, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

Magistrate Judge Rueter agreed with the recommendation that the habeas petitiont be dismissed for failure to exhaust state court remedies. Petitioner, in his objection to the R & R, claims that state officials interfered with his ability to exhaust his state remedies.

## II. DISCUSSION

A prisoner must exhaust all the remedies available in a state court before an application for a writ of habeas corpus can be granted. 28 U.S.C.A. § 2254(b)(1)(A). Since the PCRA court has appointed counsel for petitioner and there is a status hearing pending, petitioner's claims are presently before it. The federal court should allow the PCRA proceedings to conclude before entertaining this habeas corpus petition. Even though petitioner claims that the PCRA proceedings have been delayed, the federal court should "stay its hand once there is reliable evidence that the state action has been reactivated." *Walker v. Vaughn,* 53 F.3d 609, 615 (3d Cir.1995).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner must file a federal petition for a writ of habeas corpus within one year from the date his conviction becomes final by the conclusion

of direct review or the expiration of the time for seeking such review. *See* 28 U.S.C.A. § 2244(d)(1)(A). The one-year time limitation is to be tolled for the "time during which a properly filed application for state post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending...." 28 U.S.C.A. § 2244(d)(2). McKernan's limitation period began running when he withdrew his petition for discretionary review on March 27, 2001, and ran until September 26, 2001, when he first filed his PCRA petition (if it was properly filed). When his PCRA petition is no longer pending, McKernan will have the time remaining of the one-year limitation period (approximately six months) to reapply for a writ of habeas corpus.

## III. CONCLUSION

**\*2** Magistrate Judge Rueter was correct in determining that, because petitioner still has a PCRA petition pending, he has failed to exhaust his state remedies before filing this petition for a writ of habeas corpus. Magistrate Judge Rueter's recommendation will be approved and adopted. The petition will be dismissed, without prejudice, for failure to exhaust state court remedies.

E.D.Pa.,2003.
McKernan v. Varner
Not Reported in F.Supp.2d, 2003 WL 21771738 (E.D.Pa.)

Briefs and Other Related Documents (Back to top)

• 2:02cv07835 (Docket) (Oct. 10, 2002)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.