IN THE COURT OF COMMON PLEAS OF PHILADELPHIA

FIRST JUDICIAL DISTRICT OF PENNSYLVANIA

CRIMINAL TRIAL DIVISION

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | 28 EDA 2004 |
| v. | | |
| PAUL MCKERNAN | : | CP 9710-0612 |

OPINION

J. RICHETTE                                    APRIL 20, 2004

---

The defendant, Paul McKernan, has filed an appeal of this Court's order dismissing his petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §9541 et seq.

Following a waiver trial presided over by this Court, the defendant was convicted of murder in the first degree and possession of an instrument of crime. On appeal, the judgment of sentence was affirmed by the Superior Court on February 26, 2001.

Thereafter, on September 26, 2001, the defendant filed a pro se PCRA petition. Counsel was appointed to assist the defendant in the preparation of an amended PCRA petition. Counsel filed an amended PCRA petition on March 20, 2003. The Commonwealth filed a motion to dismiss in response on August 15, 2003. This Court

took the matter under advisement and, following a review of the Rule 907, granted the Commonwealth's motion to dismiss. This appeal followed.

In his PCRA petition, defendant alleges that "trial counsel was ineffective for failing to call several witnesses at trial who possessed exculpatory evidence and whose testimony, if presented, would likely have resulted in a different verdict." (PCRA amended petition at 14). Defendant also alleges that appellate counsel was ineffective for not investigating and raising this issue on appeal.

Defendant's claim, however, runs counter to various assertions (some under oath) which were presented at trial, the defendant, during the jury waiver colloquy, acknowledged that he had met with his trial counsel and counsel had done everything he had wanted him to do to prepare for trial.

Defendant presented two eyewitnesses who testified in support of his defense. These eyewitnesses, David Thompson and Joseph Rogers, stated under oath that they were present and witnessed the incident for which defendant was on trial and that there were no other persons present. Clearly, if counsel would have called the two witnesses, Karl Jahr, Jr., and Florence Bast, it would have contradicted and undercut the testimony of his two defense witnesses.

During the proceedings, this Court ordered sequestration and trial counsel stated that he had one witness present and was awaiting another witness. The defendant did not complain or ask that other witnesses be permitted to testify. Now, post-trial, there are witnesses which were present and available to testify. Witnesses, it must be noted, who mysteriously absented themselves from the scene within seconds since they were not present when the first officer arrived on the scene.

Since the purported testimony, in addition to being incredible, would not have changed the outcome of the trial, the defendant's amended PCRA petition was dismissed.

BY THE COURT:

_Richette, J._

Judge Lisa A. Richette